Advisory opinion by
CHARLES J. SCHUCK, Judge.

To the Auditor of the State of West Virginia:

Some time ago you submitted to this court for an advisory opinion the following proposition, together with an inquiry as to whether or not you, as auditor, could legally honor for payment the invoice therewith attached, namely:
“The attached invoice in the amount of $895.06, from the American Insurance Agency, Inc., to the Conser *176 vation Commission of the State of West Virginia, is a yearly premium for public liability and property damage insurance on a fleet of automobiles owned by the Conservation Commission. The insurance policy, No. UNS 463856 A, is enclosed so you may readily determine the extent of the coverage.
“Can the Auditor pay this invoice as representing a claim against the State?”
We have given the matter very, careful consideration and examined the authorities submitted by counsel representing various state departments, as well as the conclusion heretofore reached1 by the attorney general’s office, by Honorable Ira J. Partlow, acting attorney general, on the same subject matter, and set forth in a communication to you dated July 7, 1943.
We appreciate fully that the conservation department, as a matter of practical business, may have felt justified in contracting for the insurance in question, and yet we are constrained to hold that only where legislative authority is expressly authorized or given, or clearly implied, can a department contract a legal obligation for which the state, through its proper channels, should or must pay. We have considered the reasoning of the cases submitted in the memorandum of the acting purchasing agent, and while it would seem that these authorities justify the department in question in contracting for certain kinds of insurance, yet a careful reading of the decision of our own Supreme Court in the case of Board of Education of the County of Raliegh v. Commercial Casualty Company, 116 W. Va. 503, lays down the unqualified rule that unless authority is expressly authorized by statute or can be justified within the clear and plain implications of the statute dealing with the subject matter, that there is no authority giving to the departments the right to contract for the insurance involved in the invoice heretofore transmitted to your department or office for approval. Of course, no such authority is given in any statute either to the department in question nor yet to the other departments.
*177 We are, therefore, constrained to follow'the opinion heretofore rendered to your office by the acting attorney general, and herein referred to, and to hold that in the absence of statutory authority authorizing the carrying by the department in question of the public liability insurance referred to that the contract with the said insurance company was without authority or warrant of law, and, consequently, presents a claim not enforceable.
The invoice concerned is herewith returned to your office.