Clifford **BARNETT** et al., Plaintiffs,

v.

Richard P. **LINDSAY** et al., Defendants.

No. C 328–69.

United States District Court,
D. Utah,
Central Division.

April 20, 1970.

David S. Dolowitz, Salt Lake City, Utah, for plaintiffs.

R. Ralph Raat and Ronald G. Greenhalgh, Asst. Attys. Gen. for the State of Utah, for defendants.

John G. Detmer, Department of Health, Education and Welfare, appeared at the request of the court as amicus curiae.

Before LEWIS, Circuit Judge, CHRISTENSEN, District Judge, and ARRAJ, Chief District Judge.

LEWIS, Circuit Judge.

In this class action for declaratory and injunctive relief, the plaintiffs have challenged the constitutionality of the Utah statutory provisions governing the period of residency required as a condition for eligibility to receive welfare benefits and the "fair hearing" provisions regulating the nature of the notice and hearing to be accorded a welfare

applicant or recipient upon denial or termination of public assistance.

The plaintiffs' first contention is that under the compulsion of Shapiro v. Thompson, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600, the one-year residency requirement imposed by Utah law [1] as a condition of eligibility for welfare assistance under the state-funded assistance programs is unconstitutional. *Shapiro* expressly invalidated such a residency requirement as a condition to assistance under federally-funded welfare programs administered by a state and subsequent decisions by the Supreme Court extended the rule to apply to combined federal-state assistance programs. See Robinson v. Johnson, 394 U.S. 847, 89 S.Ct. 1622, 23 L.Ed.2d 30; Montgomery v. Burns, 394 U.S. 848, 89 S.Ct. 1623, 23 L.Ed.2d 31.

The defendants' argument is that in neither of these later cases was there an express showing that any of the welfare recipients involved had qualified solely for state-funded general assistance as is the case here. Therefore, the defendants reason, *Shapiro* and its progeny do not compel the invalidation of the Utah statute. The defendants then argue affirmatively that since only state-funded assistance is involved, the tenth amendment reserving to the states or to the people those powers not delegated to the federal government, must be applied to constitutionally justify the one-year residency requirement, applied by Utah only to recipients under the state-funded programs.

■ However, the constitutional basis of the decision in *Shapiro* was unrelated to the source of the welfare funds, as the defendants' argument presupposes. The decision was based upon the unconstitutional manner in which the state programs dispensing those funds were administered. Imposition of a one-year residency requirement was held to be a denial of equal protection of the laws under the fourteenth amendment and additionally an unconstitutional restriction on the right to travel. The exercise by a state of its police power, the residuary grant contemplated by the tenth amendment, is as circumscribed by the mandates of the fourteenth amendment as any similar exercise of legislative or executive power by the federal government. Therefore, in this case, the source of welfare funds is entirely irrelevant and the residency requirement is unconstitutional whether applied to recipients under state- or federally-funded programs or both.

■ Secondly, the plaintiffs challenge the "fair hearing" procedure established by the State of Utah, alleging that the type of hearing accorded to a Utah welfare recipient upon application, termination or alteration of his assistance payments fails to comport with the requirements of due process of law. In a very recent case the Supreme Court has held that procedural due process demands that termination of benefits to a welfare recipient be preceded by an evidentiary hearing at which the recipient is accorded the opportunity to appear personally with counsel, to offer evidence and to confront and cross-examine witnesses. Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (March 23, 1970). The Utah fair hearing procedure affords the welfare recipient none of these protections [2] and, as applied to welfare re-

---

1. Utah Code Ann. § 55–15–28, as amended, (Supp.1969), as implemented by III Policy Manual of the Utah State Division of Family Services § 4621(2).

2. In the pre-trial order it was stipulated that

> The fair hearing plan effectuated by [the Utah] regulations provides that after a decision as to whether or not to grant, change or alter, or to ter-

minate assistance has been made, the applicant or recipient is informed of the decision * * * which is sent out by agents * * * and the regulations also order the case worker to *attempt* by oral notification and explanation of the decision under these regulations to grant, change or alter, or terminate assistance. There is neither a requirement of nor an opportunity provided for the applicant or

cipients, is expressly invalidated by the holding in *Goldberg.*

However, unlike the *Goldberg* case, the plaintiffs here are both applicants for and recipients of welfare assistance,[3] and we must therefore determine whether the procedural protections contemplated in *Goldberg* are to be extended to an initial as well as a terminal proceeding in the administration of the welfare system. The rule established by *Goldberg* was grounded on the constitutional hypothesis that welfare benefits "are a matter of statutory entitlement." 90 S.Ct. at 1017 & n. 8. As such, summary denial of welfare assistance cannot be distinguished from summary termination. Just as the entitlement is created by statute for the benefit of needy persons meeting specified qualifications, so the rights surrounding that entitlement are created when the statutorily defined need arises and not after the benefits have been dispensed. Consequently, it is at this time that the constitutional protections surrounding those rights must be first applied. Accordingly we hold that the right to the procedural protections described in *Goldberg* must be applied at all stages of the welfare process whenever the proposed administrative action contemplates the denial or termination of statutorily created welfare benefits.

The plaintiffs' application for a permanent injunction is granted. The defendants are hereby enjoined from enforcing the one-year residency requirement against any class of welfare recipient and from terminating, altering or denying aid to a welfare applicant or recipient prior to the granting of notice and opportunity for hearing consistent with the standards described herein.

recipient to be (1) notified that there is any question about his eligibility or status, (2) notified that any inquiry is being conducted into the situation, (3) afforded an opportunity to be heard, present evidence or challenge the evidence or information already before the state agency, or (4) heard in any way on any of the questions

presented by the situation prior to the making and announcing of the decision.
\* \* \*

3. Plaintiff Johnson's application for welfare assistance was denied without prior notice or a hearing to determine and explain the reasons why he was being denied assistance.