Beatrice M. ANDERSON, individually and
on behalf of all others similarly
situated, Plaintiff,

v.

Robert H. FINCH, Secretary of Health,
Education, and Welfare, Defendant.

No. C 70–425.

United States District Court,
N. D. Ohio, E. D.

Jan. 15, 1971.

Gregory B. Taylor, Cleveland, Ohio, for plaintiff.

Arthur Abraham, Acting Asst. Gen. Counsel, Paul Merlin, Dept. of Health, Education, and Welfare, for defendant.

## MEMORANDUM OPINION AND ORDER

BATTISTI, Chief Judge.

The plaintiff, claiming to be the widow of Napoleon Anderson, applied to the Social Security Administration for survivors benefits (OASDI) following his death in August of 1968. She was certified initially as eligible and received benefits for over one year, before being informed by Social Security on October 7, 1969, that their records indicated she was not actually the widow of Mr. Anderson. Accordingly, she was instructed that her eligibility was rescinded and that she was to return the $1415.90 already paid to her. Shortly afterwards Mrs. Anderson filed a Request for Reconsideration; when, by May of 1970, no action had been taken on her request, she instituted the present action for a declaratory judgment and injunctive relief.

Plaintiff contends that it was an unconstitutional breach of due process of law to terminate her widow's benefits without according her a prior evidentiary hearing. The Secretary maintains that, to the contrary, the procedures followed do constitute substantial due proc-

ess, and that under the circumstances such an evidentiary hearing would be fatuous.

 It is in this context that the plaintiff has requested a three-judge court be convened under 28 U.S.C. § 2282 to consider the constitutionality of 42 U.S.C. § 405. It is for this Court, then, to determine whether a sufficiently substantial constitutional question has been raised to justify invoking Section 2282.

The Court finds that the issues raised by the plaintiff, while clothed in constitutional phraseology, are not in fact of constitutional proportions. The procedures adopted by the Social Security Administration to determine eligibility for benefits are fair ones. In view of the provisions for administrative review and for hearings after termination of benefits, the mere absence of an evidentiary hearing prior to termination does not present an unconstitutional denial of due process rights.

In recent years courts have begun to recognize a right to a pre-termination hearing on eligibility for welfare benefits. Kelly v. Wyman, D.C., 294 F. Supp. 893 (1968), reaff'd sub nom. Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). The case before this Court, however, involves not welfare but Social Security benefits. As the plaintiff admits, in her case the loss of her widow's benefits does not have the draconian effects of a denial of welfare funds. In this situation a pre-termination evidentiary hearing would not seem to be constitutionally required.

It is rather disturbing, however, that more than half a year passed after the plaintiff filed her Request for Reconsideration with no response from the Social Security Administration. It would seem that some decision could and should have been made during this time either to restore the plaintiff's eligibility or to reaffirm the original decision so that she may proceed with an appeal.

Accordingly, by order of this Court:

1.   The plaintiff's motion for three-judge court and class action is denied;

2.   The defendant's motion for summary judgment is granted;

3.   Summary judgment is to be entered in favor of the defendant; and

4.   The plaintiff's complaint is dismissed.

It is so ordered.