Plaintiff, receiver of Holiday Nursing Homes, Inc., seeks judicial review of a determination of the Secretary of Health, Education and Welfare by his agent, Massachusetts Blue Cross, Inc., a fiscal intermediary for purposes of administration of the Medicare program, pursuant to an agreement with the Secretary under 42 U.S.C. *889 § 1395 (h). The disputed determination involves whether certain items may be allowed as reimbursable costs for services rendered to Medicare -beneficiaries by said Holiday Nursing Homes. Plaintiff seeks to recover money allegedly due and owing to it from defendant for services furnished by plaintiff to individuals entitled to post-hospital extended care services under the said agreement with the Secretary. Additionally, plaintiff alleges that its property was taken without just compensation in violation of the Fifth Amendment to the Constitution and that it is not liable to defendant for any overpayment to it under the Health Insurance for the Aged and Disabled Act. On April 27, 1973, the court issued the following order:
“This case comes before the court on defendant’s motion, filed December 4, 1972, for summary judgment. Upon consideration thereof, together with the opposition thereto and the briefs and oral argument of counsel, the court concludes as follows:
“1. With respect to the years 1968 and 1969 the defendant’s motion is granted, and the petition is dismissed, for failure to exhaust the prescribed administrative remedy, i.e. failure of the provider to appeal to the Blue Cross Associa-. tion’s Medicare Provider Appeals Committee. This form of remedy, which was made mandatory, was valid and authorized by 42 U.S.C. §§ 1395(h) and (u). The provider could not properly by-pass this administrative procedure.
“2. As for the year 1967, the court holds that it is precluded by 42 U.S.C. § 1395 ff. and § 405 (h) from reviewing or overturning the determination of the Provider Appeals Committee except insofar as such determination (a) may have involved or rested upon procedures which were constitutionally invalid or violative of the governing statute, or (b) may have substantially violated the Due Process Clause of the Fifth Amendment or the provisions of the governing statute. See Schroeder Nursing Care, Inc. v. Mutual of Omaha Ins. Co., 311 F. Supp. 405 (E.D. Wisc., 1970); San Vincente Hospital v. Travellers Ins. Co., C.D. Calif., No. 71-2453-FW, August 10, 1972; Rothman v. Hospital Service of Southern California, C.D. Calif., No. 68-1325-JWC, April 19, 1972; Aquavella v. Richardson, 437 F.2d 397 (2d *890 Cir. 1971); Coral Gables Convalescent Home, Inc. v. Richardson, 340 F. Supp. 646 (S.D. Fla., 1972); St. Jude Manor Nursing Home, Inc. v. Richardson, M.D. Fla., No. 72-681-Civ.-J-S, Oct. 3, 1972. With respect to these two types of claim, the court has jurisdiction under 28 U.S.O. § 1491 .and the finality provisions of the medicare legislation do not bar judicial review.
“3. Plaintiff has raised the following claims of the types specified in paragraph 2, supra:
“ (i) Under the Medicare Provider Appeals Procedure (see the document headed “Functions of Provider Appeals Committee”) staff members of the fiscal intermediary (which was a party to the dispute before the Provider Appeals Committee) could participate in deciding and drafting the Committee’s determination, and may well have done so in this instance. Cf. Camero v. United States, 179 Ct. Cl. 520, 375 F. 2d 777 (1967).
“ (ii) The provider was informed during performance that certain types of costs were allowable and could be reimbursed but the Committee unfairly and invalidly denied reimbursement of those very costs.
“(iii) Although the formal procedures accorded the right of cross-examination, this right was in fact denied or unfairly curtailed at the hearing.
“The court deems these issues worthy of further exploration by the trial division, and accordingly, with respect to the year 1967, denies without prejudice the defendant’s motion for summary judgment and remands the case to the trial division for trial (or other appropriate fact-finding-procedure) on these three questions. The court stresses that (a) the case is not being returned to the trial division for a full trial on all of plaintiff’s costs but only for consideration and determination of the three issues listed supra, and (b) the court has taken no position, even tentatively, on the validity of any of these three claims.
“it IS SO ORDERED.”
BY THE COURT
(Sgd) WlLSON CoWEN Chief Judge
*891 Plaintiff’s petition for certiorari was denied October 23, 1973.