per curiam:
This case involves a claim for recovery under the Medicare Act, Part A, 42 U.S.C. §§ 1395j et seq. (1976). The petition was first filed on November 25, 1974. The case was decided on May 12, 1976, Whitecliff, Inc., d/b/a White Cliff Manor v. United States, 210 Ct. Cl. 53, 536 F.2d 347 (1976), cert. denied, 430 U.S. 969 (1977), which held that this court has jurisdiction over Part A claims, reaffirming Goldstein v. United States, 201 Ct. Cl. 888, cert. denied, 414 U.S. 974 (1973). Since 1977, the parties have made no substantial progress toward resolving this case and the case is therefore still pending before us. On May 30, 1982, the Government filed a suggestion of lack of subject matter jurisdiction based on the recent decision of the Supreme Court in United States v. Erika, Inc., 456 U.S. 201 (1982), that this court does not have jurisdiction over Medicare Part B claims.
The Government argues that Erika held by implication that this court does not have jurisdiction of Part A claims as well. Without addressing the merits of the issue, it is sufficient to say that the Erika opinion decided only the Part B issue. The Court’s language quite clearly recognizes the important differences between Parts A and B, and it cites no legislative history which expressly precludes judicial review of Part A determinations.
The decision in this case in 1976 is binding precedent upon us until it is expressly reversed by the Supreme Court *842 or overruled by an era banc decision of this court. Neither of these conditions having occurred, we have no choice but to follow Whitecliff. Accordingly, we decline to follow defendant’s suggestion.
it is therefore ordered that defendant’s suggestion of lack of subject matter jurisdiction be treated as a motion to dismiss and the same is denied.