**NORTHWEST HOSPITAL, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 73-78.**

United States Claims Court.

Dec. 23, 1983.

Sherman C. Magidson, Chicago, Ill., for plaintiff; Carl P. Clavelli, Chicago, Ill., of counsel.

Robert G. Giertz, with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant; Juan A. del Real, Gen. Counsel, Ann T. Hunsaker, Asst. Gen. Counsel, and Stephen V. Weiss, Dept. of Health and Human Services, Washington, D.C., of counsel.

## OPINION

NETTESHEIM, Judge.

This case is before the court on cross-motions for summary judgment. Defendant requested that a scheduled argument be cancelled and the case be submitted on the briefs, and plaintiff agreed.

Plaintiff seeks that portion of its administrator's salary for the years 1967 through 1971 and of bonuses paid to its medical director and attorney for the year 1967 properly allocable to the Medicare program.[1] Plaintiff avers that these amounts are $80,106 and $7,590, respectively.

## FACTS

Under the Medicare Act, 42 U.S.C. § 1395f(b) (1976 & Supp. V 1981) ("the Act"), providers of medical services to beneficiaries under the Act are reimbursed through so-called "fiscal intermediaries" for the "reasonable cost" of providing such services. The fiscal intermediaries are private entities such as Blue Cross organizations to which the Secretary of Health and Human Services, formerly the Department of Health, Education and Welfare (the "Secretary"), is authorized to delegate by contract his authority to determine the amount of reimbursement due providers. *See Pacific Coast Medical Enterprises, Inc. v. United States*, 3 Cl.Ct. 140, 142 (1983) (NETTESHEIM, J.).

Plaintiff's fiscal intermediary, Hospital Service Corporation, awarded plaintiff approximately half the full reimbursement sought for the $100,000 salary of the hospital administrator for each of the years 1967–71 and approximately half the $15,000 compensation paid to plaintiff's medical director and attorney in 1967. On appeal to and after a hearing before the Blue Cross Association's Medicare Provider Appeals Committee (the "BCA"), *see* 42 C.F.R. § 405.1811 (1974), plaintiff showed that its administrator performed duties normally handled by several officers, that normal fringe benefits were not included in this compensation, and that plaintiff's overall administrative costs were significantly lower than those of other providers. Impressed, the BCA granted the full reimbursement. The Secretary thereafter directed the BCA to reopen this decision and

1. By its cross-motion, plaintiff withdrew its claim based on depreciation of its hospital facilities for 1968–71 and its claim relating to use of a certain accounting method for 1967–68. Plaintiff also claimed interest aggregating $502,638 from 1968–73. By its cross-motion, defendant withdrew its opposition to plaintiff's claims based on interest expenses for 1968–71; resistence to those claims for 1972–73 was abandoned in defendant's reply.

grant only the reimbursement originally allowed. *See* 42 C.F.R. § 405.1885(b) (1974). The BCA asked for reconsideration of the directive, which was denied, and then conducted further hearings. Although again agreeing with plaintiff's arguments, the BCA took the position that the Secretary's directive compelled disallowance of the reimbursements and reinstated the determination of the Hospital Service Corporation.

The BCA also disallowed the reimbursement for the compensation to plaintiff's medical director and attorney in that they were distributions of earnings or returns on investments and because plaintiff had failed to document that the payments were for necessary services. After being provided with additional information concerning the attorney's bonus, the BCA affirmed its decision because the duties giving rise to the bonus related to plaintiff's reorganization. No further information concerning the bonus of the then-deceased medical director was submitted, so the BCA's earlier decision stood.

## DISCUSSION

In *Whitecliff v. United States,* 210 Ct.Cl. 53, 536 F.2d 347 (1976) (per curiam), *cert. denied,* 430 U.S. 969, 97 S.Ct. 1652, 52 L.Ed.2d 361 (1977), which involved a determination of allowable reimbursement under Part A of the Act, this court's predecessor noted that although no consensus had emerged on whether the merits of reasonable cost determinations were reviewable, courts had sustained judicial review "at least for compliance with the Constitution and the governing statute" and that "[w]e accepted this scope of review in our order in *Goldstein v. United States,* 201 Ct.Cl. 888, *cert. denied,* 414 U.S. 974 [94 S.Ct. 287, 38

L.Ed.2d 217] (1973)." 210 Ct.Cl. at 56, 536 F.2d at 349–50. The court in *Goldstein,* which involved a determination under Part B of the Act, held that it was precluded by 42 U.S.C. 405(h),[2] § 1395ff,[3] from reviewing the reimbursable cost determination involved there except for statutory compliance. 201 Ct.Cl. at 889.

Although the holding in *Goldstein* evidently turned on the more restrictive provisions for review of Part B determinations contained in 42 U.S.C. § 1395ff, *see Erika, Inc. v. United States,* 225 Ct.Cl. 252, 256–62, 634 F.2d 580, 584–88 (1980) (en banc), *rev'd on other grounds,* 456 U.S. 201, 206–10, 102 S.Ct. 1650, 1653–55, 72 L.Ed.2d 12 (1982), review for consistency with the Constitution, statutes, and regulations became "our traditional narrow scope of review in Part A cases," as well. *Spokane Valley General Hospital, Inc. v. United States,* 231 Ct.Cl. ——, 688 F.2d 771, 776 (1982); *see Chelsea Community Hospital v. United States,* 2 Ct.Cl. 175, 179 (1983) (NETTESHEIM, J.).

*The Administrator's Compensation*

In limiting the administrator's salary, the intermediary applied the guidelines contained in 42 C.F.R. § 405.426(b)(2) (1974), for determining the reasonableness of a hospital owner's compensation. This involved a survey of salaries of administrators at comparable institutions in the area. The BCA initially reinstated full reimbursement of the administrator's salary on the grounds 1) that 42 C.F.R. § 405.426(b)(2) was inapplicable because the administrator was no longer the hospital's owner; 2) that 42 U.S.C. § 1395 (1970), prohibited the exercise of any supervision or control over the compensation of any officer of a hospital, thereby requiring the BCA (in its judgment) to apply the test of reasonableness to

2. 42 U.S.C. 405(h) (1970), provided in full:

The findings and decisions of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Secretary, or any officer or employee thereof shall be brought under section

41 of Title 28 to recover on any claim arising under this subchapter.

3. 42 U.S.C. § 1395ff (1970), provided in pertinent part:

(a) The determination of whether an individual is entitled to benefits under part A or part B, and the determination of the amount of benefits under part A, shall be made by the Secretary in accordance with regulations prescribed by him.

plaintiff's costs of administration as a whole, rather than to the salary of any individual officer; and 3) that plaintiff's overall administrative costs were lower than those at comparable institutions because the administrator performed the functions of several officers, running "a tight ship which is basically a one-man operation." The second ground constitutes the substance of plaintiff's position in the instant litigation.

The Secretary, through the Bureau of Health Insurance (the "BHI"), exercised his power under 42 C.F.R. § 405.1885(b), to direct a revision of the BCA's decision. The regulatory basis of the BHI's directive was 42 C.F.R. § 405.451(c)(2) (1974), which provided:

The costs of providers' services vary from one provider to another and the variations generally reflect differences in scope of services and intensity of care. The provision in title XVIII of the Act for payment of reasonable cost of services is intended to meet the actual costs, however widely they may vary from one institution to another. *This is subject to a limitation where a particular institution's costs are found to be substantially out of line with other institutions in the same area which are similar in size, scope of services, utilization, and other relevant factors.*

(Emphasis added.)

The BHI concluded that the administrator's salary was a cost substantially out of line with salaries at comparable institutions. The BHI also took the position that the administrator was not required to work excessive hours during the week despite his assumption of so many functions.

The governing statute and regulations do not preclude the Secretary, through the BHI, from making a determination of reasonableness of administrative costs in the first instance. Moreover, 42 C.F.R. § 405.451(c)(2) allows the Secretary to make that determination based on disallowance of costs for one item that is out of line with those of similar providers. Plaintiff does not argue that the Secretary's determination was noncomplaint with the statute or regulations, but that the Secretary was forbidden to make any reasonable cost determination at all concerning the administrator's salary.

Section 1395, entitled "Prohibition against any Federal interference," during the relevant timeframe provided:

Nothing in this subchapter shall be construed to authorize any Federal officer or employee to exercise any supervision or control over the practice of medicine or the manner in which medical services are provided, or over the selection, tenure, or *compensation* of any officer or employee of any institution, agency, or person providing health services; or to exercise any supervision or control over the administration or operation of any such institution, agency, or person.

(Emphasis added.)

 Plaintiff argues that for the Secretary to purport to reimburse providers for employees' compensation on the basis of reasonable cost determinations would be tantamount to a forbidden exercise of control over such compensation. Plaintiff's argument would prohibit the Secretary from discharging his responsibility to limit expenses to a reasonable level under 42 U.S.C. § 1395f(b)(1) and would require the Government to reimburse providers for any salary they chose to pay their officers, no matter how unreasonable. A similar argument was rejected in *Home Health Care, Inc. v. Heckler,* 717 F.2d 587, 590 (D.C.Cir.1983), as rendering section 1395f(b)(1) nugatory. Statutes are to be construed where possible so as to give effect to all their provisions and to render apparently inconsistent provisions harmonious. 82 C.J.S. *Statutes* § 346 (1953). Consistent with this cardinal rule of statutory construction, 42 U.S.C. § 1395 is to be construed to mean merely that the Secretary may not prevent a provider from paying its officers any salary it chooses, but not to require the Secretary to reimburse a provider at any level it chooses. If this construction has the effect of introducing financial considerations into compensation decisions, the result will do no more than

effectuate the legislative intent as divined from the Act considered as a whole. *Pharmacist Political Action Committee v. Harris*, 502 F.Supp. 1235, 1244 (D.Md.1980). The Secretary did not by its decision in this case offend the proscription in section 1395.

*Compensation of Medical Director and Attorney*

The BCA disallowed the bonuses paid in 1967 to plaintiff's medical director and attorney on the grounds that the former constituted a nonreimbursable distribution of earnings, while the latter constituted a nonreimbursable reorganization cost. Plaintiff does not contradict these determinations, but relies solely on the proscription of control over employees' compensation in 42 U.S.C. § 1395. The argument fails for the same reason discussed with respect to the administrator's salary claims.

## CONCLUSION

Based on the foregoing, the cross-motions are granted in part and denied in part. The parties shall file by January 31, 1984, a stipulation with the Clerk of the Court as to the amount of plaintiff's award for interest.

IT IS SO ORDERED.