ALLEMNORE COMMUNITY
HOSPITAL, et al.,
Plaintiff,

v.

The UNITED STATES, Defendant.

Nos. 92–600C, 92–602C, 92–603C,
93–12C and 93–96C.

United States Court of Federal Claims.

Jan. 3, 1995.

Thomas Nelson, Nashville, TN, John R. Hellow, Los Angeles, CA, Edgar Morrison, Jr., San Antonio, TX, Keith R. Anderson, Washington, DC, for plaintiff, with whom was James A. Barker, Washington, DC, of counsel.

Ross D. Cooper, Brian Simkin, and Mark A. Melnick, Washington, DC, with whom were Jeanne E. Davidson, Asst. Director, David M. Cohen, Director, Commercial Lit. Branch, Civ. Div., and Frank W. Hunger, Asst. Atty. Gen., U.S. Dept. of Justice, for defendant.

## OPINION

SMITH, Chief Judge.

This case raises a somewhat unique question that this court must decline to decide. That question is whether a Federal Circuit panel decision, *St. Vincent's Medical Center v. United States*, 32 F.3d 548 (Fed.Cir.1994), which deals with cases related to this one, and which plaintiffs admit is dispositive, should be followed by this court. In *St. Vincent's*, the Federal Circuit panel found no jurisdiction in a factual situation indistinguishable from the instant case.

Plaintiffs argue that *St. Vincent's* should not be followed because it is inconsistent with prior binding Court of Claims, Federal Circuit, and United States Supreme Court precedent. *See e.g., Bowen v. Michigan Academy of Family Physicians*, 476 U.S. 667, 106 S.Ct. 2133, 90 L.Ed.2d 623 (1986); *Whitecliff v. U.S.*, 210 Ct.Cl. 53, 536 F.2d 347 (1976), *cert. denied, United States v. Whitecliff, Inc.*, 430 U.S. 969, 97 S.Ct. 1652, 52 L.Ed.2d 361 (1977); *Goldstein v. U.S.*, 201 Ct.Cl. 888, 1973 WL 4990, *cert. denied, Goldstein v. United States*, 414 U.S. 974, 94 S.Ct. 287, 38 L.Ed.2d 217 (1973), *reh'g denied, Goldstein v. United States*, 414 U.S. 1087, 94 S.Ct. 609, 38 L.Ed.2d 493 (1973). *Appalachian Regional Healthcare v. United States*, 999 F.2d 1573 (Fed.Cir.1993); *West Seattle General Hospital, Inc. v. United States*, 230 Ct.Cl. 132, 674 F.2d 899 (1982); *Spokane Valley General Hospital v. United States*, 231 Ct.Cl. 550, 688 F.2d 771 (1982). This court feels that it would be highly adventurous and lacking in appropriate respect for orderly proceedings in our judicial system, for this court to advise the Federal Circuit on whether one of its panels erred. Such is not the role of federal trial courts where it is admitted that the circuit panel's decision is on point. This is particularly true where the decision is of very recent origin. While the Court of Appeals and the litigants expect our court to interpret the law and the precedent, and apply it to individual cases, the trial court has little function in reviewing clear panel decisions, whether or not the trial court or the litigants think they are consistent with precedent which binds the Federal Circuit or its panels. The trial court does have a rare

obligation to point out seemingly anomalous results of apparent circuit precedent in specific cases before it. This, however, is not the present situation.

For the reasons stated here this court must grant the government's motion to dismiss the various plaintiffs' cases pending under this caption so that they may seek review in the appropriate forum for their challenge, the Federal Circuit. In dismissing this case, this court draws no conclusion concerning plaintiffs' exhaustion of statutory remedies under 42 U.S.C. § 1395oo.

**IT IS SO ORDERED.**