**KOMATSU MANUFACTURING COM-
PANY, Ltd.**

v.

**The UNITED STATES (two cases).**

**TAKABAYASHI SHIGEO, Receiver For
Nippon Motor Company, Ltd.**

v.

**The UNITED STATES.**

Nos. 3–55, 4–55, 5–55.

United States Court of Claims.
June 7, 1955.

Ben Bruce Blakeney, Tokyo, Japan, for plaintiffs.

John R. Franklin, Washington, D. C., with whom was Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LIT-TLETON, WHITAKER, MADDEN and LARAMORE, Judges.

MADDEN, Judge.

The defendant has made a motion, in each of these three cases, to dismiss the plaintiff's petition upon the ground that it does not state a claim upon which relief can be granted.

The petitions allege that the plaintiffs were contractors with the United States which acted through the Department of the Army. As such contractors they were engaged in rebuilding engineering equipment in Japan, for the Army. Under their contracts, they were to be paid for work upon its completion. While many items of work were partly finished, the contract periods expired, and new contracts were made, under which payments for future work were to be made upon a percentage of completion basis, as the work progressed.

The new contracts did not make express provision for the cases of the then unfinished work. Negotiations ensued which resulted in satisfactory agreements as to the amounts to be paid for that work. Those amounts were paid, but, because of the delay involved in

the negotiations, the payments were not made until several months after the work had been done and after the time when, the plaintiffs assert, the money was due. Because of the delay in payment it was necessary for the plaintiffs to borrow money in order to continue their operations for the defendant. They sue for the amounts actually paid out by them for interest on the borrowed money, claiming these amounts as damages resulting from the failure of the United States to pay for the work at the time' payment was due according to the contracts.

The Government points to the Act of June 25, 1948, c. 646, § 1, 62 Stat. 978, 28 U.S.C. § 2516(a), which says:

"Interest on a claim against the United States shall be allowed on a judgment of the Court of Claims only under a contract or Act of Congress expressly providing for payment thereof."

This statute, and earlier legislation to the same effect, have been strictly applied by the Supreme Court of the United States. United States v. Thayer-West Point Hotel Co., 329 U.S. 585, 67 S.Ct. 398, 91 L.Ed. 521; United States v. Goltra, 312 U.S. 203, 207, 61 S.Ct. 487, 85 L.Ed. 776. The plaintiff points out that this Court, in the cases involving the taking of private property for public use, allows interest for the period between taking and payment. The Supreme Court, in the Thayer-West Point case, supra, 329 U.S. at page 588, 67 S. Ct. at page 399, explains that interest in such cases is a part of just compensation, since during the delay in payment the owner is deprived of both the property taken and the money to which he was entitled when the taking occurred. As a part of just compensation such interest is a constitutional right, not affected by statute.

The general doctrine that the United States is not liable for interest on its failure to pay money at the time it contracted to pay it was well stated in Myerle v. United States, 33 Ct.Cl. 1, and again in Ramsey v. United States, 121 Ct.Cl. 426, 430–433, 101 F.Supp. 353. The plaintiff's attempt, in this case, to distinguish cases where, because of the Government's delay in payment, contractors were obliged to borrow money and pay interest on it, from cases where the contractor was financially so situated that he merely lost the use of the money, but was not obliged to borrow, was considered and rejected as unsound in those cases.

In the recent case of Continental Illinois National Bank v. United States, 126 Ct.Cl. 631, we included, in our judgment, interest paid out by the plaintiff in circumstances similar to those of the instant cases. Upon reconsideration, we think it was error to do so, and we overrule that part of that decision.

The Government's motions are granted, and the plaintiffs' petitions are dismissed.

It is so ordered.

JONES, Chief Judge, and LARAMORE, WHITAKER and LITTLETON, Judges, concur.