Abraham LINCOLN, Individually and as "Representative Party" on behalf of a Class, "Federal Workers," Plaintiff,

v.

UNITED STATES of America, Defendant.

No. C–76–0154 WWS.

United States District Court, N. D. California, Civil Division.

Sept. 2, 1976.

J. D. McCubbin, Davis, Cal., for plaintiff.

George Christopher Stoll, Asst. U.S. Atty., San Francisco, Cal., for defendant.

### ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CAUSE OF ACTION

SCHWARZER, District Judge.

Plaintiff, on behalf of himself and a purported class consisting of "persons who were, are, or will be Federal Workers, i. e. employed by the government of the United State of America," claims that his Fifth Amendment rights were violated by reason of the delay between the time that compensation for work performed is earned and "vests" and the time when it is paid or "disbursed." Plaintiff contends that the government has unconstitutionally deprived him of his property when it fails to pay his wage or salary immediately as it is earned, but instead pays him about two weeks after. Defendant has moved to dismiss the complaint on several grounds.

■ Inasmuch as plaintiff alleges a claim said to arise under the Fifth Amendment for unconstitutional deprivation of property, this Court has jurisdiction under 28 U.S.C. Sec. 1346(a)(2). See, *Regional Rail Reorganization Act Cases*, 419 U.S. 102, 125–127, 95 S.Ct. 335, 42 L.Ed.2d 320 (1974).

Plaintiff's challenge is directed at the government's practice of paying employees on a periodic basis. Congress, by enacting Sections 5504–5505 of Title 5, U.S. Code, has established that federal employees are to be paid their compensation at certain periodic intervals. It has long been settled that "Congress has full control of salaries, except those of the President and the Judges of the courts of the United States. The amount fixed at any one time may be added to or taken from at will. No officer . . . can claim a contract right to any particular amount of unearned compensation. If an officer is not satisfied with what the law gives him for his services, he may resign." *Embry v. United States*, 100 U.S. 680, 685, 25 L.Ed. 772 (1879); *Field v. Giegengack*, 64 U.S.App.D.C. 40, 73 F.2d 945 (1934), and cases cited at 91 C.J.S. United States § 44a.

■ The time and place of payment of wages and salaries is of course a proper subject of agreement between employer and employee. See, e. g., 56 C.J.S. Master and Servant § 119, and cases cited; 53 Am.Jur.2d Sec. 87, and cases cited. In this case Congress has provided for biweekly payment of wages and salaries to employees. To do so was well within Congress' power and plaintiff has no constitutional basis for attacking that action.

■ Even if plaintiff's complaint were construed as a claim for interest on his salary for the period between the time the work is performed and the time it is paid, the same result follows. It is settled that

the United States is not liable for interest on sums it has contracted to pay but has failed to pay in time absent a written agreement or Act of Congress. *Komatsu v. United States*, 131 F.Supp. 949, 132 Ct.Cl. 314 (1955); *Ramsay v. United States*, 101 F.Supp. 353, 121 Ct.Cl. 426 (1951).

It follows that plaintiff has failed to state a claim on which relief may be granted and that the action must be, and it hereby is dismissed.