' Pleading and, practice; Wunderlich Act review;' failure to demand money judgment. — On October 21,1976 the court éntéred the following order.
- - Before SkeltoN, Judge, Presiding, Nichols and Kashiwa, Judges.
*351 “In this case under the Wunderlich Act, 41 U.S.C. §§ 321-22, the plaintiff seeks review of a decision of the Corps of Engineers Board of Contract Appeals. Defendant’s cross motion for summary judgment is not the usual one under Buie 163(b) in support of the Board decision, but attacks the jurisdiction of the court. For this reason the trial judge has by order submitted it to the court without a Rule 166 (c) opinion. As he notes, the defendant should have conformed to Rule 163(a) in making its contention and has failed to do so. But we must consider questions as to our jurisdiction, however defectively raised.
“The purported ground of the cross motion is that plaintiff has failed to allege a claim for money damages. Plaintiff does sufficiently assert the existence of disputes under a Government contract concerning extensions of time, adjudication of such disputes by the Board in a consolidated decision, and error in that the Board allowed only enough extension to make the contract completion date conform to the actual completion date, whereas it should have allowed more. Plaintiff further says that allowance of proper time extensions would have entitled it to an equitable adjustment for actual and constructive acceleration and for suspension and disruption of work. Because of the lack of an express demand for a money judgment plaintiff has not complied with Rule 35 (g) and the petition may be considered defective and incomplete. However, it is enough to show inferentially that plaintiff is seeking an equitable adjustment under the contract, which is a kind of money claim within the ordinary and usual jurisdiction of the court. It is the responsibility of the trial judge, under Rule 162 (b) (2), to order an amendment or more definite statement so that the petition will show that the court has jurisdiction without recourse to inference or implication.
“Accordingly, upon the record and briefs of the parties, but without oral argument, it is
“ordered, that the defendant’s cross motion for summary judgment is denied, without prejudice to proper measures by the trial judge to obtain a sufficient petition.”