"This case comes before the court on defendant’s motion to dismiss for lack of jurisdiction and for failure to state a claim for which relief can be granted, plaintiffs opposition thereto (styled 'Reply’), and defendant’s reply.
"Plaintiff was aggrieved by adverse personnel actions by the Department of the Army, for which he is a civilian employee. He filed suit in the Eastern District of Virginia, seeking promotion and back pay. The requested relief was granted, following a favorable decision by the Fourth Circuit. McCourt v. Hampton, 514 F.2d 1365 (4th Cir. 1975). Plaintiff has sued the above-captioned defendants for legal expenses incurred and tortious injuries sustained as a result of the wrongful personnel actions.
"Plaintiff now concedes that the action must be dismissed against the United States Civil Service Commission *895 and the Department of the Army. The claims against the United States must be dismissed also.
"It is abundantly clear that the United States cannot be made to pay legal expenses absent the authorization of a specific statute or contractual provision. 28 U.S.C. § 2412 (1970); Alyeska Pipeline Serv. Co. v. Wilderness Soc’y, 421 U.S. 240 (1975); Fitzgerald v. United States Civil Serv. Comm’n, 554 F.2d 1186 (1977); J. E. Robertson Co. v. United States, 194 Ct. Cl. 289, 296-97, 437 F.2d 1360, 1364 (1971). Plaintiff has not cited, nor can we find, a statute or contractual provision providing such authorization in the circumstances of this case. Accordingly, this claim must be dismissed for failure to state a claim for which relief can be granted.
"Plaintiff argues that its tort claims are cognizable here under the theory of pendent jurisdiction. This contention is doubly flawed. First, as above stated, the claim for legal expenses must be dismissed, so no occasion arises for considering the merits of an argument based on pendent jurisdiction. Second, this court may not adjudicate tort claims, which have been reserved exclusively to the district courts. 28 U.S.C. §§ 1346(b), 1491 (1970).
"now therefore it is ordered that, upon the written submissions of the parties, and without oral argument, defendant’s motion to dismiss be, and it hereby is, granted. The petition is dismissed.”