"Plaintiff Holy Cross Hospital has been a provider of medical services under the Medicare Act, and is therefore entitled to reimbursement from the United States for its reasonable costs under the Medicare program. During its fiscal years 1971-1973, plaintiff leased parts of its facilities to a radiologist and a pathologist who used those facilities for their respective practices — treating both in-patients and out-patients (including Medicare-covered patients) — and constituted the hospital’s radiology and pathology departments. Under the instructions of its fiscal intermediary (Mutual of Omaha), which implemented a regulation of the Department of Health, Education and Welfare (20 C.F.R. § 405.486(b)(1) (rev. as of 1973)), plaintiff, in its cost reports for 1971-1973, offset the net income from the two leased departments against its reimbursable Medicare costs. On January 28, 1975, Mutual of Omaha issued its notice of program reimbursement (as required by 20 C.F.R. § 405.491(a) (rev. as of 1973)) incorporating this setoff. Plaintiff did not request, as it could if it disagreed in any way with the notice, a hearing before the intermediary until over two years later when (in April 1977) it asked Mutual of Omaha to reopen its determination for 1971-1973. The request to reopen was prompted by the Fifth Circuit’s ruling in Dr. John T. MacDonald Foundation, Inc. v. Mathews, 534 F.2d 633 (5th Cir. 1976), rehearing denied, 554 F.2d 714 (5th Cir. 1977), that H.E.W. had misinterpreted, unfavorably to the provider, its regulation (20 C.F.R. § 405.486(b)(1)) on leased departments of provider-hospitals. Mutual of Omaha rejected this request to reopen on April 25, 1977. This suit was then begun on June 22, 1977.
"Defendant has moved to dismiss the petition. The first ground is that the petition does not assert a monetary claim because it asks only that the case be remanded to Mutual of Omaha (the intermediary) with instructions to reopen plaintiffs cost reports for 1971-1973 and to recompute reimbursement for those years without setting off the net income from the leased radiology and pathology departments. We agree, however, with plaintiff that the *1033 petition, though defective in form, claims entitlement to monies asserted to be contractually owed by the Government to plaintiff. Obviously the end result sought by plaintiff is a payment by the Government, under its contract with plaintiff, i.e. one kind of money claim within the ordinary and usual jurisdiction of this court. In this respect the petition compares to that in Warrior Constructors, Inc. v. United States, 211 Ct. Cl. 350 (1976), in which, as here, the demand for money was implicit rather than explicit, and the court said that it was the responsibility of the trial judge to order an amendment or more definite statement 'so that the petition will show that the court has jurisdiction without recourse to inference or implication.’ The court did not, however, dismiss the petition and we do not do so in this instance.
"Defendant’s second argument for dismissal is that plaintiff failed to exhaust its administrative remedies when it did not file a timely request for a hearing by the intermediary on the January 1975 notice of program reimbursement. The regulations (20 C.F.R. § 405.1811) (rev. as of 1976) required that such a request for a hearing be filed within 180 calendar days after the date of the notice of program reimbursement. Plaintiff gives various reasons why it should be excused from this requirement, but we need not reach those contentions at this time. The regulations (20 C.F.R. § 405.1885(a) (rev. as of 1976)) also provide for reopening of an intermediary’s determination, on motion of the provider, within 3 years of the date of the notice of program reimbursement. Plaintiff concedes that such reopening is discretionary but urges that it was an abuse of discretion for Mutual of Omaha to refuse to reopen in the face of the Fifth Circuit’s decision Dr. John T. MacDonald Foundation, Inc., supra, which shows, plaintiff says, that the intermediary’s original determination was "inconsistent with the law, regulations * * *.”[1] If the substantive ruling in Dr. John T. MacDonald Foundation, *1034 Inc.-which clearly and directly bears on plaintiffs case — stands solid, the plaintiff has a very substantial case for its claim of abuse of discretion (though we do not definitely decide that question). The Government tells us, however, that the Fifth Circuit has agreed to rehear that case en banc on the issue of whether the district court had any jurisdiction of that provider’s claim. If the Fifth Circuit en banc decides that there was no district court jurisdiction of that case, the panel’s substantive ruling will fall away and could not be considered an authoritative interpretation of the law or the regulations.[2] It is appropriate therefore that we await the ultimate ruling of the Fifth Circuit on the jurisdictional issue before passing upon defendant’s point that plaintiff has failed to exhaust its administrative remedies.
"it is therefore ordered and concluded that defendant’s motion to dismiss is denied (without prejudice to proper measures by the trial judge to obtain a non-defective petition) insofar as it urges that the petition fails to state a monetary claim and on the issue of failure to exhaust administrative remedies the motion is denied without prejudice to renewal after the conclusion of the judicial proceedings in Dr. John T. MacDonald Foundation, Inc., supra.”
On April 17, 1978 the Fifth Circuit sitting en banc vacated the decision in Dr. John T. MacDonald Foundation, Inc. v. United States, reported 534 F.2d 633. See 571 F.2d 328. On July 15, 1978 defendant filed a petition for a writ of certiorari.
On June 26, .1978 plaintiff filed an amended petition stating a monetary claim.
On July 24, 1978 defendant filed a motion to suspend proceedings pending Supreme Supreme Court action on the petition for certiorari.

 Part A, Intermediary’s Manual, HIM-13 (Part 2), ¶ 2631.2 provides:
'Whether or not the intermediary will reopen a determination, otherwise final, will depend upon whether new and material evidence has been submitted, or a clear and obvious error was made, or that determination is found to be inconsistent with the law, regulations and rulings, or general instructions.’

 One of the intermediary’s grounds for refusing to reopen here was that the Dr. John T. MacDonald Foundation, Inc. court was without jurisdiction to review the administrative agency’s action.