This is the second time the court has had to consider a motion to dismiss this case. In our order of January 27, 1978, 215 Ct.Cl. 1031, we summarized the case as follows:
"Plaintiff Holy Cross Hospital has been a provider of medical services under the Medicare Act, and is therefore entitled to reimbursement from the United States for its reasonable costs under the Medicare program. During its fiscal years 1971-1973, plaintiff leased parts of its facilities *632 to a radiologist and a pathologist who used those facilities for their respective practices — treating both in-patients and out-patients (including Medicare-covered patients)— and constituted the hospital’s radiology and pathology departments. Under the instructions of its fiscal intermediary (Mutual of Omaha), which implemented a regulation of the Department of Health, Education and Welfare (20 C.F.R. § 405.486(b)(1)), plaintiff, in its cost reports for 1971-1973, offset the net income from the two leased departments against its reimbursable Medicare costs. On January 28, 1975, Mutual of Omaha issued its notice of program reimbursement (as required by 20 C.F.R. § 405.491(a)) incorporating this setoff. Plaintiff did not request, as it could if it disagreed in any way with the notice, a hearing before the intermediary until over two years later when (in April 1977) it asked Mutual of Omaha to reopen its determination for 1971-1973. The request to reopen was prompted by the Fifth Circuit’s ruling in Dr. John J. MacDonald Foundation, Inc. v. Mathews, 534 F. 2d 633 (5th Cir. 1976), rehearing denied, 554 F. 2d 714 (5th Cir. 1977), that H.E.W. had misinterpreted, unfavorably to the provider, its regulation (20 C.F.R. § 405.486(b)(1)) on leased departments of provider-hospitals. Mutual of Omaha rejected this request to reopen on April 25, 1977. This suit was then begun on June 22, 1977.”
Defendant first moved to dismiss the petition on two grounds. The first was that no monetary claim was asserted. In our order of January 27, 1978, 215 Ct.Cl. 1031, we rejected that basis for dismissal and the petition has now been amended to make it clear that plaintiff sues to recover money.
Defendant’s second argument for dismissal was that plaintiff had failed to exhaust its administrative remedies when it did not file a timely request for a hearing by the intermediary on the January 1975 notice of program reimbursement. The regulations (20 C.F.R. § 405.1811) required that such a request for a hearing be filed within 180 calendar days after the date of the notice of program reimbursement.
At the earlier stage, plaintiff gave various reasons why it should be excused from this requirement, but we discussed only one ground in our order of January 27, 1978. The *633 regulations (20 C.F.R. § 405.1885(a)) provided for reopening of an intermediary’s determination, on motion of the provider, within 3 years of the date of the notice of program reimbursement. Plaintiff conceded that such reopening is discretionary but urged that it was an abuse of discretion for Mutual of Omaha to refuse to reopen in the face of the Fifth Circuit’s decision in Dr. John J. MacDonald Foundation, Inc., supra, which showed, plaintiff said, that the intermediary’s original determination was "inconsistent with the law, regulations * * *.”[1] At that time, the Fifth Circuit had agreed to rehear en banc Dr. John J. MacDonald Foundation, Inc., supra, on the issue of whether the district court had any jurisdiction of that provider’s claim. We thought it appropriate to await the ultimate ruling of the Fifth Circuit on the jurisdictional issue before passing fully on the Government’s point that plaintiff had failed to exhaust its administrative remedies; accordingly, we denied the defendant’s motion (on that ground) without prejudice to renewal after the conclusion of the judicial proceedings in Dr. John J. MacDonald Foundation, Inc.[2]
The Fifth Circuit en banc thereafter decided in the Dr. John J. MacDonald Foundation, Inc. case that the district court was without jurisdiction and that case was transferred to this court under 28 U.S.C. § 1406(c). 571 F.2d 328 (1978). Defendant promptly renewed its motion to dismiss on the ground that plaintiff had failed to exhaust its administrative remedies. Proceedings here were suspended pending disposition of a petition for certiorari in Dr. John J. MacDonald Foundation, Inc. (on the jurisdictional issue). Certiorari was denied in October 1978, and the suspension in the present case was lifted. Defendant’s renewed motion to dismiss is now before us.
*634 With respect to plaintiffs right under the regulations initially to request a hearing by the intermediary (Mutual of Omaha) within 180 days, if it disagreed with the intermediary’s notice of reimbursement issued in January 1975, we have expressly held that such an "appeal” to the intermediary is a mandatory remedy which is a prerequisite to a suit in court. Goldstein v. United States, 201 Ct. Cl. 888, cert. denied, 414 U.S. 974 (1973); see also Ulman v. United States, 214 Ct. Cl. 308, 313, 320-21, 558 F.2d 1, 3, 7-8 (1977). Plaintiff seeks to avoid that requirement because, it says, such exhaustion is not compelled when the aggrieved party attacks the validity of an administrative regulation — a legal issue upon which (according to plaintiff) the intermediary could not properly pass. But the basic issue claimant presents to the court is not the facial validity but the scope of the regulation and its application to plaintiffs particular case. On those questions a decision by the intermediary’s provider appeals committee, geared to the specific facts of the provider’s case, is likely to be useful and should be had prior to invocation of the judicial remedy.[3]
The second channel through which plaintiff seeks to avoid the Government’s exhaustion defense is that it was an abuse of discretion for the intermediary to refuse to reopen (under HIM-13 (Part 2) ¶ 2631.2, supra, note 1) when the original panel decision in Dr. John J. MacDonald Foundation, Inc. was called to its attention. That decision is said to have shown that the intermediary’s original determination was "inconsistent with the law, regulations and rulings” (note 1, supra). The answer is that that panel decision has now been vacated by the Fifth Circuit, on the ground that the district court lacked jurisdiction of that provider’s suit, and therefore the panel decision cannot be said to show that plaintiffs intermediary’s original decision on reimbursement was "inconsistent with the law, regulations and rulings.”[4] In our order of January 27,1978, *635 we said that, if the panel’s decision was vacated for lack of jurisdiction, "the panel’s substantive ruling will fall away and could not be considered an authoritative interpretation of the law or the regulations” (note 2, supra). And in Faith Hospital Ass’n v. United States, 218 Ct. Cl. 255, 263, 585 F. 2d 474, 478 (1978), we said that, in view of its setting aside on jurisdictional grounds, the Dr. John J. MacDonald Foundation, Inc. panel decision "cannot serve as a precedent of any substantial value.”[5] We adhere to those propositions and now rule that the intermediary did not abuse its discretion when it refused to accept the panel decision in Dr. John J. MacDonald Foundation, Inc. as an authoritive or definitive exposition of the law.
it is therefore ordered, without oral argument, that defendant’s motion to dismiss the petition is granted and the petition is dismissed.

 Part A, Intermediary’s Manual, HIM-13 (part 2), ¶ 2631.2 provides: “Whether or not the intermediary will reopen a determination, otherwise final, will depend upon whether new and material evidence has been submitted, or a clear and obvious error was made, or that determination is found to be inconsistent with the law, regulations and rulings, or general instructions.”

 The order of January 27, 1978 said: "If the substantive ruling in Dr. John J. MacDonald Foundation, Inc. — which clearly and directly bears on plaintiffs case— stands solid, the plaintiff has a very substantial case for its claim of abuse of discretion (though we do not definitely decide that question). * * * * If the Fifth Circuit en banc decides that there was no district court jurisdiction of that case, the panel’s substantive ruling will fall away and could not be considered an authoritative interpretation of the law or the regulations.”

 This case is unlike Weinberger v. Salfi, 422 U.S. 749 (1975); Matthews v. Eldridge, 424 U.S. 319 (1976); and Matthews v. Diaz, 426 U.S. 67 (1976), in that here (1) the Secretary of Health, Education and Welfare (or his delegate) has never determined that sufficient exhaustion has been had or that the exhaustion requirement should be waived, and (2) there was no such irreparable injury to plaintiff through pursuit of the administrative remedy as to call for by-pass of the exhaustion requirement.

 One of the intermediary’s grounds for refusing to reopen this case was that the Dr. John J. MacDonald Foundation, Inc. court was without jurisdiction to review the administrative decision in that proceeding. This ground turned out to be quite accurate.

 The Faith Hospital Association decision runs against plaintiff on the merits but defendant has restricted its motion to the exhaustion point and accordingly we do not reach or pass on the merits.