*667 This case comes before the court on defendant’s motion for summary judgment. Defendant contends that plaintiffs complaint for declaratory judgment, injunctive relief, and mandamus is outside the jurisdiction of this court and, as there are no material facts in dispute, defendant is entitled, as a matter of law, to a judgment dismissing the petition. Because we find in plaintiffs petition an implicit claim for money, we choose not to grant defendant’s motion immediately.
Plaintiff, then a major, Army of the United States, was involuntarily released from active duty, effective June 29, 1973, pursuant to the Army’s reduction-in-force program. As a result of unfavorable findings during his separation physical examination, commenced on January 10, 1973, plaintiffs case was referred to a medical board at the U.S. Army Hospital, Bremerhaven, Germany. The medical board found plaintiff to be medically unfit for further active duty and recommended that his case be reviewed by a Physical Evaluation Board (PEB). Plaintiff was thereupon reassigned to Walter Reed Army Medical Center (Walter Reed), where a second medical board determined on May 24, 1973, by an addendum to the proceedings of the first medical board, that plaintiff was fit for active duty. Plaintiff appealed that determination contending that the findings of the second medical board were improper in that they were not based on all the evidence. He further contended that he was entitled to a hearing before the PEB. Plaintiffs case was, on June 2, 1973, referred to the Central Physical Evaluation Board at Walter Reed. The board returned the case without action on June 11, 1973, the date plaintiff was originally to have been separated from active service.
On June 14, 1973, plaintiff filed in the United States District Court for the District of Columbia a complaint against the Secretary of Defense for a declaratory judgment, injunctive relief, and mandamus and a petition for a temporary restraining order to prohibit plaintiffs release from active duty. The court granted the temporary restraining order. On June 29, 1973, the district court denied plaintiffs petition for a preliminary injunction, staying all further proceedings pending plaintiffs exhaustion of his administrative remedies through applica *668 tion to the Army Board for Correction of Military Records (ABCMR). The temporary restraining order having been dissolved, plaintiff was released from active duty on June 29, 1973.
Plaintiff thereupon applied to the ABCMR requesting (1) recall to active duty until completion of pending administrative and judicial procedures; (2) an evaluation before a Physical Evaluation Board; (3) that he be retired by reason of physical disability rated at least 30 percent; and (4) reimbursement for loss of salary and emoluments for the period of his release from active duty. On March 19, 1975, the ABCMR denied plaintiffs application. Plaintiff, on June 3, 1975, by leave of the district court, there filed an "Amended Complaint for Declaratory Judgment, Injunc-tive Relief, and Mandamus” requesting the court to declare illegal the refusals of the Secretary of Defense and the ABCMR to grant plaintiff a hearing before a PEB and to grant him a disability discharge of at least 30 percent. He also requested an injunction directing the Secretary to grant him a 30-percent disability discharge and his full pay and allowances from the date of his separation from active service until his final receipt of the disability discharge.
On April 30, 1976, the district court found plaintiffs case to be within the exclusive jurisdiction of the Court of Claims under 28 U.S.C. § 1491 (1970) and ordered that the case be transferred to this court pursuant to 28 U.S.C. § 1406(c) (1970). The transfer was accomplished on October 17, 1977.
On November 14, 1977, plaintiff filed a petition in this court entitled "Amended Complaint for Declaratory Judgment, Injunctive Relief, and Mandamus.” An examination of this petition and the case file transferred from the district court reveals that plaintiffs November 14, 1977, petition is a retyped copy of his June 3, 1975, amended complaint in the district court. Only the caption, named defendant, and docket number have been changed, presumably to comply with Rule 181(b). Thus the complaint states that the suit is one for equitable relief against the Secretary of Defense; the basic jurisdictional statute cited is 28 U.S.C. § 1331 (1970), which provides for general federal question jurisdiction in a United States district court.
*669 In response to plaintiffs "Amended Complaint,” defendant has filed a motion for summary judgment, in essence asking the court to dismiss plaintiffs petition because it "is nothing more than an action in equity seeking a declaratory judgment that Kenneth J. Davidson is medically disabled.” As such, defendant contends, it is outside the jurisdiction of this court under United States v. King, 395 U.S. 1 (1969). We disagree.
It is, of course, undeniable that this court has jurisdiction only over claims for money judgments. 28 U.S.C. § 1491. However, as an incident to a claim for a money judgment, this court does have the power to give certain equitable relief, such as placement in retirement status or correction of applicable records. Id. Thus, where a plaintiff can show that an administrative refusal to correct his records has caused him pecuniary injury and the correction would entitle plaintiff to money damages, this court can order the correction. Michienzi v. United States, 207 Ct. Cl. 484 (1975).
Defendant would contend that plaintiff has made no claim here for a money judgment. Technically, this is true. However, plaintiff is seeking review of the action of the ABCMR denying him a disability discharge of at least 30 percent claiming that the board action was arbitrary, capricious, and unsupported by substantial evidence. Should plaintiff win on the merits of his claim,[1] he would be entitled to a money judgment representing his disability retirement pay from the date of separation from active duty to the present. Since plaintiff would be entitled to a money judgment should he win on the merits, there is a money claim implicit in his complaint.[2]
The basic problem in this case is not that plaintiffs case is outside our jurisdiction, but that plaintiff has filed an entirely inappropriate and faulty petition for relief in this *670 court. Defendant is quite right that, as presently framed, plaintiffs claim is technically outside our jurisdiction. However, we do not believe that the appropriate course of action is to dismiss plaintiffs petition. In two recent cases where this court found that the petition failed to make an explicit demand for money, but where a monetary claim was implicit, we did not dismiss the petition, but gave plaintiff the opportunity to amend. Holy Cross Hospital of Silver Spring, Inc. v. United States, 215 Ct. Cl. 1031 (1978); Warrior Constructors, Inc. v. United States, 211 Ct. Cl. 350 (1976). In view of plaintiffs apparent diligence in prosecuting his case, at least until it was transferred to this court, we choose to follow the same course of action here. Therefore, the court, on its own motion, hereby grants plaintiff leave to amend his complaint within 30 days of this date. However, in the event plaintiff fails to so amend, defendant’s motion for summary judgment will be granted. In order to prevent further delay in the final resolution of this case, plaintiff will also be directed to file a brief responding on the merits to defendant’s motion for summary judgment. Plaintiff is specifically requested to respond to the Government’s contention that the determination of the ABCMR was neither arbitrary nor capricious.
it is therefore ordered that defendant’s motion for summary judgment is granted, unless plaintiff files in this court within 30 days (1) an amended petition which complies with Rule 35 and sets forth a proper jurisdictional basis for his claim in this court, and (2) a brief responding on the merits to defendant’s motion for summary judgment, filed September 26, 1978.
On April 24, 1979 the court made a docket entry dismissing plaintiffs petition for failure to comply with the order of March 9, 1979 and granted defendant’s motion for summary judgment. Plaintiff moved for an order striking the April 24th docket entry and amending the March 9th order to allow plaintiff until June 28, 1979 to file his amended petition and responding brief, and seeking denial of defendant’s motion for summary judgment. Plaintiff stated that neither he nor his counsel received notice of the order of March 9th or of the docket entry of April 24th, *671 presumably because the Postal Service failed properly to forward mail after counsel moved his office, and that plaintiff did not learn of dismissal of his case until May 14, 1979 upon checking the status of the litigation. On July 20, 1979 the court ordered that plaintiffs motion to alter or amend judgment be granted as follows: (1) the April 24th judgment and docket entry are stricken, (2) the March 9th order is amended to provide that the court accepts plaintiffs documents as of June 28, 1979, and (3) that the case proceed.

 Nothing contained in this order should be interpreted as any expression of our view on the merits of plaintiffs case. We neither hold nor express any opinion on the matter.

 In fact, had plaintiffs petition been properly framed, his case would be indistinguishable from the usual disability retirement case which this court has consistently held is reviewable here. See, e.g., Frye v. United States, 210 Ct. Cl. 325 (1976); Hertzog v. United States, 167 Ct. Cl. 377 (1964); Friedman v. United States, 159 Ct. Cl. 1, 310 F. 2d 381 (1962), cert. denied, sub nom. Lipp v. United States, 373 U.S. 932 (1963).