Military pay; correction of military records; Court of Claims jurisdiction to allow interest on award of back disability retirement pay; attorney fees; limitation of actions re allowance ofBAQ. — On April 25, 1980 the court entered the following order:
Before Davis, Judge, Presiding, Nichols and Kashiwa, Judges.
*775 Defendant, pursuant to Rule 101, moves the court for summary judgment in its favor dismissing plaintiffs petition on the ground that as a matter of law, plaintiff is not entitled to any recovery. In support of its motion, defendant relied upon the petition herein and the proceedings of the Board for Correction of Naval Records ("BCNR”). There being no genuine issue as to any material fact, for the reasons set out below we, without the need for oral argument, grant defendant’s motion.
Plaintiff, a former enlisted man in the United States Navy, after having served only a portion of his enlistment term was given an undesirable discharge on May 16, 1952. This was the result of his having been sentenced by a civilian court on March 26, 1952, to 10 to 20 years imprisonment. Plaintiffs conviction was reversed and he was acquitted on April 30, 1964. Plaintiff then applied to a Naval Discharge Review Board and on April 2, 1965, his discharge was changed to an honorable discharge effective May 16,1952.
On July 9, 1971, plaintiff filed a petition in this court seeking active duty pay and allowances for the remainder of his term of enlistment (i.e., for the period of time subsequent to May 16, 1952) and entitlement to disability retirement pay to date of judgment. These claims were all dismissed as barred by the statute of limitations, 28 U.S.C. § 2501 (1976). Powers v. United States, 198 Ct. Cl. 995 (1972). Thereafter, plaintiff applied to the BCNR seeking correction of his military record so as to indicate plaintiffs becoming disabled while in the Navy. In July 1973, the BCNR, acting under the authority of the Act of October 25, 1951, ch. 588, 65 Stat. 655, determined that plaintiff had become disabled while in military service, corrected plaintiffs record, and awarded him $11,650.64 of disability retirement pay for the period May 17, 1952, to November 29, 1964. Plaintiff was not allowed interest on this award. In January 1978, plaintiff made applications to the BCNR requesting a Basic Allowance for Quarters ("BAQ”) allotment for his son for the period December 18, 1950, to May 16, 1952. These applications were denied by the BCNR on April 24,1978, and June 16,1978.
*776 In this action plaintiff seeks to recover (1) interest on the $11,650.64 for the period May 17, 1952, to November 29, 1964, (2) attorney’s fees of $1,126.94 incurred in connection with his successful application to the BCNR for the correction of his military record, and (3) a BAQ allotment for his son for the period December 18, 1950, to May 16, 1952.
Congress has forbidden this court’s awarding of interest on a plaintiffs claim unless a statute or contract expressly provides for the payment of interest. 28 U.S.C. § 2516(a) (1976). This statutory limitation is strictly applied. S. W. Aircraft Inc. v. United States, 213 Ct. Cl. 206, 215, 551 F.2d 1208, 1213 (1977); Komatsu Mfg. Co. v. United States, 132 Ct. Cl. 314, 131 F. Supp. 949 (1955). The law authorizing the BCNR’s July 1973 decision (the present version of which is contained at 10 U.S.C. § 1552 (1976)) allows for the correction of military records and for payment of claims arising out of such corrective action. This law does not, however, expressly provide for the payment of interest on such claims. Nor are we aware of any contract expressly providing for interest. As a matter of law, we therefore cannot grant plaintiff interest on his $11,650.64 disability retirement award.
The law with respect to recovery of attorney’s fees is also well settled. "[T]he United States cannot be made to pay legal expenses absent the authorization of a specific statute or contractual provision.” McCourt v. United States, 215 Ct. Cl. 894, 895 (1977); see Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240 (1975); 28 U.S.C. § 2412 (1976). Plaintiff has not directed our attention to any statute or contract authorizing his recovery of attorney’s fees. Nor does 10 U.S.C. § 1552 authorize the BCNR to award attorney’s fees. Lacking such specific statutory or contractual authorization, we must deny plaintiffs claim for attorney’s fees.
We need not pass on the correctness of the BCNR denial of the claimed BAQ allotment. As above mentioned, we have previously held plaintiffs claim for pay and allowances for the period commencing May 17,1952, to be barred by the statute of limitations. Plaintiff now seeks a BAQ allotment for a period prior to May 17, 1952. Since plaintiff *777 has been held barred from recovery with respect to this later time period, we see no reason why 28 U.S.C. § 2501 does not also preclude recovery with respect to this earlier period. Nor has plaintiff brought anything to our attention which calls for a contrary result. In addition, plaintiffs January 1978 application to the BCNR does not remove the bar of the statute of limitations. Applications to a military records correction board are permissive, not mandatory, and do not serve to toll the statute of limitations. E.g., Ramsey v. United States, 215 Ct. Cl. 1042 (1978), cert. denied, 439 U.S. 1068 (1979); Kirby v. United States, 201 Ct. Cl. 527, 531 (1973), cert. denied, 417 U.S. 919 (1974). We therefore hold plaintiffs claim for recovery of a BAQ allotment for his son to be barred by the statute of limitations.
Our resolution of plaintiffs three claims for relief makes it unnecessary to consider defendant’s other numerous arguments.
it is therefore ordered that defendant’s motion for summary judgment is hereby granted and plaintiffs petition is hereby dismissed in its entirety.