## PACIFIC COAST MEDICAL ENTERPRISES, INC., Plaintiff,

### v.

## The UNITED STATES, Defendant.

### No. 388–79C.

United States Claims Court.

July 29, 1983.

Marvin M. Lager, Los Angeles, Cal., for plaintiff. Robert V. Vallandigham, Jr., and Stephen P. Soskin, Memel, Jacobs, Pierno & Gersh, Los Angeles, Cal., of counsel.

Colvin W. Grannum, Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant.

## OPINION

NETTESHEIM, Judge.

This case is before the court on cross-motions for summary judgment after argument.

## FACTS

Pacific Coast Medical Enterprises, Inc. ("plaintiff"), a California corporation engaged in supplying medical services, participated in the Medicare program. The Department of Health and Human Services ("HHS") administers benefits under Medicare by reimbursing "providers" such as plaintiff for the "reasonable cost" of supplying services to beneficiaries. 42 U.S.C. § 1395f(b) (1976 and Supp. V 1981). Payments are made through "fiscal intermediaries," which are private entities such as Blue Cross organizations. The Secretary of HHS (the "Secretary") is authorized to delegate by contract to fiscal intermediaries his authority to determine the amount of reimbursement due providers. 42 U.S.C. § 1395h.

Blue Cross of Southern California (the "BCSC"), acting as plaintiff's fiscal intermediary, denied part of plaintiff's reimbursement claims for the cost-reporting years ending June 30, in each of 1970, 1971, 1972, and 1973, as well as subsequent years. Plaintiff appealed the BCSC's determination for the first three years to the Blue Cross Association's Medicare Provider Appeals Committee (the "BCA"). *See* 42 C.F.R. § 405.1811 (1978). For the year ending in 1973, plaintiff appealed to the Provider Reimbursement Review Board (the "PRRB"). *See* 42 U.S.C. § 1395oo (1976); 42 C.F.R. § 405.1835. Both entities reversed the BCSC and ruled in favor of plaintiff. However, the Commissioner of Social Security, through his agent the Bureau of Health Insurance (the "BHI"), a unit of the Social Security Administration, reversed the BCA and PRRB decisions and ordered that plaintiff's claims be denied. *See* 42 C.F.R. § 405.1875.

Plaintiff sought judicial review of both reversals in federal district court, which held that jurisdiction lay over the claim for the 1973 cost-reporting year—but not for the three years previous to 1973. *Pacific Coast Medical Enterprises v. Califano,* 440 F.Supp. 296, 303 (C.D.Cal.1977), *modified,* 633 F.2d 123 (9th Cir.1980). The district court's ruling, in part, was based on Pub.L. No. 92–603 § 243(c), 86 Stat. 1420 (1972), (codified at 42 U.S.C. § 1395oo note (1976)), limiting the right of district court review provided for in section 243 to years ending on or after June 30, 1973.

Although Congress made no provision for judicial review of decisions on providers' claims for cost-reporting years before that ending June 30, 1973, the United States Court of Claims held that unless an express statutory scheme of review governed jurisdiction, the court could hear these disputes under 28 U.S.C. § 1491 (1976), its general jurisdictional provision. *Whitecliff v. United States,* 210 Ct.Cl. 53, 536 F.2d 347 (1976), *cert. denied,* 430 U.S. 969, 97 S.Ct. 1652, 52 L.Ed.2d 361 (1977). Accordingly, on October 16, 1979, plaintiff petitioned in the Court of Claims seeking reimbursement for the first three years, together with interest on the judgment. Because the suit was identical to the one filed in the district court (then pending on appeal in the United States Court of Appeals for the Ninth Circuit), except for the cost-reporting years involved, the case was suspended pending the Ninth Circuit's decision. The appeals court ultimately held in plaintiff's favor on reimbursable costs for the year ending June 30, 1973. *Pacific Coast Medical Enterprises v. Harris,* 633 F.2d 123 (9th Cir.1980).

In the Court of Claims, the parties by a Joint Motion To Remand to the Administrative Agency thereafter requested a stay of proceedings and remand to HHS to apply the *Harris* ruling for the first three cost-reporting years. The motion "further requested that the Court's order provide that if plaintiff's claim is not acted upon expeditiously by the Secretary, plaintiff may ... request that this matter be returned to the Court." A stay and remand were ordered, with the qualification that "[a]ction will be stayed here until August 20, 1981, or until

such shorter time that the administrative proceedings may be completed...."

The BCSC, acting for the Secretary, made a revised determination, but did not grant interest on the additional reimbursement. Interest had been awarded in the companion case upon remand after the Ninth Circuit decision for the cost-reporting year ending June 30, 1973,[1] and thereafter. According to counsel's declaration, someone at BCSC later informed plaintiff's counsel that an attorney for the Secretary had given the BCSC written instructions not to pay the interest on the reimbursement for 1970–72. Defendant does not controvert this representation. The BCSC decision letter informed plaintiff of its right to appeal the revised determination to the PRRB. An appeal was submitted on or about September 10, 1981.

As events developed, however, the PRRB declined jurisdiction because the years in suit fell outside the "fiscal year ending June 30, 1973 or later" provision of section 1395oo. Although informed of this position by defendant's counsel on or about February 23, 1982, plaintiff did not receive official notification that the PRRB would not entertain its appeal until its receipt of a letter from the PRRB dated May 18, 1982, over eight months after plaintiff instituted the appeal. Plaintiff then made some effort to transfer the dispute to the bankruptcy court in California, which had jurisdiction over much of plaintiff's business and in which its petition in bankruptcy had been pending. In a letter dated September 29, 1982, the trial judge observed that the Government would not agree to the transfer and instructed the parties that "[e]ither party may of course move for an active resumption of proceedings despite the pendency of the administrative proceeding." This letter was written after the last of several extensions of stay during remand had expired by its terms on August 19, 1982. The parties' cross-motions for summary judgment followed.

## DISCUSSION

The issues in this case are twofold: Is plaintiff entitled to interest on its reimbursement award for the fiscal years prior to 1973, and is that question properly before the court? An affirmative answer to the second question is prerequisite to considering the merits, and this question will be discussed initially.

### Exhaustion of Remedies

Defendant argues that the court is without jurisdiction to address the interest issue until plaintiff has exhausted its administrative remedies by appealing the BCSC denial of interest on years 1970–72 to the BCA, as required by 42 U.S.C. § 405(h) (1976) (incorporated into the Medicare Act by 42 U.S.C. § 1395ii (1976)), 42 C.F.R. §§ 405.1803–1813 (1982), and case law. Plaintiff rejoins that its administrative appeals had been exhausted before its petition was filed in the Court of Claims. Further, the court's remand to the Secretary expressly preserved its jurisdiction. Plaintiff alternatively urges an exception to the exhaustion rule because HHS's instruction to the BCSC to deny interest renders any administrative appeal futile. Moreover, defendant is estopped from demanding an appeal to the BCA when the agency notice to plaintiff that interest was denied instructed plaintiff to appeal to the PRRB. Defendant disputes these contentions and, in turn, would estop plaintiff on the ground that plaintiff's appeal to the PRRB was an admission that an administrative appeal was required.

The issue of interest is properly before the court. The case came to the court after plaintiff exhausted its administrative remedies, culminating in the denial of plaintiff's claim directed by the BHI. The court's remand to the Secretary was limited to applying the Ninth Circuit's legal ruling dealing with the amount of reimbursement

---

1. A 1974 amendment to 42 U.S.C. § 1395oo, the provision providing for district court review of the PRRB's or Secretary's final decision, also provided for payment of interest in such suits, limited, like the district court review itself, to years ending on or after June 30, 1973. Pub.L. No. 93–484, § 3, 88 Stat. 1459 (1976) (codified at 42 U.S.C. § 1395oo(f)(2) note (1976)).

principal, which has occurred. The order plainly reserved the jurisdiction of the Court of Claims to review the Secretary's action.

Moreover, the trial judge who interpreted the remand issued by a previously assigned trial judge understood the order not to foreclose resumption of proceedings in the Court of Claims during administrative review. The orders and rulings in a given case by the trial division of the former Court of Claims shall be given full force and effect unless this court determines that they should be modified or rescinded. General Order No. 1(2), 1 Cl.Ct. Rules XXI (1982). Defendant has not mustered any convincing reason to disturb the trial division's remand order, as interpreted by the then-presiding trial judge.[2]

Even if the remand did not contemplate resumption of judicial proceedings on the claim to interest before final administrative action, further administrative consideration would be futile. The Secretary's legal adviser has already instructed the BCSC not to award interest and can similarly veto any award by the BCA. In *Appalachian Regional Hospitals, Inc. v. United States,* 217 Ct.Cl. 1, 576 F.2d 858 (1978), a provider petitioned the Court of Claims for relief from a decision of the BHI. The BHI's decision issued without benefit of a decision by the intermediary BCA. The Government argued that the Court of Claims was without jurisdiction until administrative remedies had been exhausted by appeal through the BCA and then to the BHI. The court disagreed and exercised jurisdiction over the dispute. In both *Appalachian* and this case, "[t]here is simply no valid purpose to be served by adopting defendant's suggestion that plaintiff should then have gone back to pursue intermediate administrative review ... [after] the highest administrative authority had spoken ...." 217 Ct.Cl. at 15, 576 F.2d at 865. The principles relied upon in *Appalachian* apply here: The administrative appeal would be

futile, exercise of jurisdiction will not encroach on the administrative domain, and the record before the court is complete. *See* 217 Ct.Cl. at 15–16, 576 F.2d at 866; *Natural Resources Defense Council, Inc. v. Train,* 510 F.2d 692, 703 (D.C.Cir.1975).

Defendant would distinguish *Appalachian* because the legal advice of the Secretary's attorney to the BCSC is not a final decision. The distinction is gossamer. The trial judge's order remanded to the Secretary, and the BCSC acted pursuant to instructions of the Secretary's legal adviser in complying with that order. Defendant has not suggested that the Secretary's position is at variance with his earlier legal advice. Where, as here, plaintiff fruitlessly pursued its appeal at the agency's direction before a body incapable of hearing the appeal, more is required before a party is turned back to the administrative process.

Defendant cites the Ninth Circuit's decision in the companion case, *Pacific Coast Medical Enterprises v. Harris,* 633 F.2d 123, to decline jurisdiction over additional claims of plaintiff for post-1973 accounting years based on plaintiff's failure to present those claims to the PRRB. Yet the decision did not require the question of interest to be remanded to the agency for separate consideration following the court's decision regarding the principal. The Ninth Circuit's prescription that the "Secretary and his delegated review procedure should have the opportunity to fully consider ... the claims before ... [submission] to a federal court...." has been satisfied here. 633 F.2d at 138. Other cases cited by defendant are also unpersuasive. *Association of American Medical Colleges v. Califano,* 569 F.2d 101 (D.C.Cir.1977) (dispute never presented to administrative appeals process); *Holy Cross Hospital v. United States,* 219 Ct.Cl. 631, 618 F.2d 119 (1979) (appeal to intermediary rejected as untimely filed); *Ulman v. United States,* 214 Ct.Cl. 308, 320–21, 558 F.2d 1, 7–8 (1977) (years in

---

**2.** In *Bell v. United States,* 186 Ct.Cl. 189, 404 F.2d 975 (1968), a board remand was ordered to determine quantum under guidelines set forth by the court. 186 Ct.Cl. at 204–05, 404 F.2d at 983. *Bell* does not support the proposition that the trial division could not resume consideration of the interest claim before final administrative action.

issue had not been administratively appealed); *Whitecliff, Inc. v. United States,* 210 Ct.Cl. 53, 61, 536 F.2d 347, 352 (record devoid of information necessary to calculate reimbursement).

In the circumstances of this case, further administrative consideration of plaintiff's interest claim will not be ordered.

*Availability of Interest*

■ Plaintiff argues for an award of interest on the principal reimbursement as a reasonable cost under 42 U.S.C. § 1395x(v)(1)(A) (1976). Plaintiff asserts that section 1395x(v)(1)(A) requires reimbursement to prevent non-Medicare patients from bearing Medicare-incurred provider expenses and requires retroactive correction of inadequate payments. The Claims Court's authorization to award the interest contended for comes from 28 U.S.C. § 2516(a) (1976), as *amended by* the Federal Courts Improvement Act of 1982, Pub.L. No. 97–164, § 139(j)(2), 96 Stat. 56 (1982), which states: "Interest on a claim against the United States shall be allowed in a judgment of the United States Claims Court only under a contract or Act of Congress expressly providing for payment thereof."

Arguing that section 2516(a) is strictly construed and that no explicit provision for interest in statute or contract exists, defendant opposes an award of interest. The retroactive adjustment sought by plaintiff was realized by the reimbursement already paid. The interest sought does not reflect a cost incurred during the reimbursement years. Further, the amendment to 42 U.S.C. § 1395*oo* (f), Pub.L. No. 93–484, § 3, 88 Stat. 1459 (1973) (codified at 42 U.S.C. § 1395*oo*(f)(2) note (1976)), which allows for interest on awards for years ending on or after June 30, 1973, conclusively demonstrates that interest for previous years was not to be awarded.

The necessarily strict construction of section 2516(a)'s allowance of interest "under a contract or Act of Congress expressly providing for payment thereof" defeats plaintiff's proffered reading of section 1395x(v)(1)(A). This statute does not make an express provision for interest, which is required by section 2516(a). *United States v. Thayer-West Point Hotel,* 329 U.S. 585, 67 S.Ct. 398, 91 L.Ed. 521 (1947); *Komatsu Manufacturing Co. v. United States,* 132 Ct.Cl. 314, 131 F.Supp. 949 (1955); *Ramsey v. United States,* 121 Ct.Cl. 426, 101 F.Supp. 353 (1951), *cert. denied,* 343 U.S. 977, 72 S.Ct. 1072, 96 L.Ed. 1369 (1952); *see Gosman v. United States,* 215 Ct.Cl. 617, 573 F.2d 31, 41 (1978). Plaintiff's cases on reimbursable costs are unavailing because, however expansive the definition of costs they suggest, the cases do not involve interest awards. *See, e.g., Chelsea Community Hospital v. Michigan Blue Cross,* 630 F.2d 1131, 1136 (6th Cir.1980) (judicial review of reimbursement decisions is necessary to prevent providers from charging non-Medicare patients with Medicare costs); *Springdale Convalescent Center v. Mathews,* 545 F.2d 943 (5th Cir.1977) (Secretary has duty to make retroactive corrections where regulations result in inadequate reimbursement); *United States v. Fairlane Memorial Convalescent Homes, Inc.,* 501 F.Supp. 863 (E.D.Mich.1980), *aff'd,* 667 F.2d 1028 (6th Cir.1981) (Secretary has duty to promote overriding policy underlying 42 U.S.C. § 1395x(v)(1)(A) of preventing cross-subsidization between Medicare and non-Medicare patients).

The 1974 amendment allowing interest for years ending on or after June 30, 1973, persuasively suggests that Congress did not intend awards of interest for prior years. Congress could have extended the interest allowance to prior years, yet that was not done. Plaintiff does not answer this inference other than to argue that section 1395x(v)(1)(A), as it stood before amendment, allowed interest. If so, the 1974 amendment becomes redundant, a result that this court cannot attribute to Congress.

■ Alternatively, plaintiff seeks an award of interest based on defendant's alleged bad faith in litigating this case and its companion before the California district court and the Ninth Circuit. The burden is great to show bad faith. *Kalvar Corp. v. United States,* 211 Ct.Cl. 192, 543 F.2d 1298

**146**

(1976), *cert. denied,* 434 U.S. 830, 98 S.Ct. 112, 54 L.Ed.2d 89 (1977). Although the district court was asked to hold defendant in contempt for delays, that court did not issue any sanctions. After the appellate decision, defendant had a right to seek rehearing. The trial judge's remand to apply the ruling of the *Harris* case followed within a reasonable time after the Ninth Circuit's final decision in that case. The court in *Acme Process Equipment Co. v. United States,* 171 Ct.Cl. 324, 370–71, 347 F.2d 509, 537 (1965), *rev'd on other grounds,* 385 U.S. 138, 87 S.Ct. 350, 17 L.Ed.2d 249 (1966), *reh'g denied,* 385 U.S. 1032, 87 S.Ct. 738, 17 L.Ed.2d 680 (1967), relied on by plaintiff, declined to award interest for bad faith. The facts of this case are no more indicative of bad faith than in *Acme,* nor does perusal of that case offer any insight into the chain of plaintiff's reasoning from the facts of the case at bar to the result plaintiff seeks. Plaintiff's appeals to equity and justice do not overcome the established prohibition against the award of interest absent express provision. *Monroe M. Tapper & Associates v. United States,* 222 Ct.Cl. 34, 42, 611 F.2d 354, 360 (1979).

CONCLUSION

Based on the foregoing, defendant's motion for summary judgment is granted; plaintiff's cross-motion is denied; and the complaint will be dismissed.

IT IS SO ORDERED.